IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Charles McCoy, | : | |
|     Plaintiff | : | Civil Action 2:08-cv-00553 |
| | : | |
| v. | : | Judge Sargus |
| | : | |
| April D. Calesaric, | : | Magistrate Judge Abel |
|     Defendant | : | |
| | : | |

**ORDER**

Plaintiff Charles McCoy, a state prisoner, brings this action alleging that defendant April D. Calesaric violated his rights by unlawfully entering his home, using excessive force against him, and maliciously prosecuting him. This matter is before the Court on plaintiff McCoy's objections to Magistrate Judge Abel's January 28, 2011 Initial Screening Report and Recommendation recommending that plaintiff's January 26, 2011 motion for leave to file a complaint be denied.

Upon *de novo* review in accordance with the provisions of 28 U.S.C. §636(b)(1)(B), the Court **ADOPTS** the Report and Recommendation and **DENIES** plaintiff Charles McCoy's motion for leave to file a complaint. (Doc. 7).

The Magistrate Judge correctly concluded that the proposed complaint is barred by res judicata. Plaintiff McCoy previously filed suit against defendant Calesaric. *McCoy v. Shephard, et al.*, 2:06-cv-262 (S.D. Ohio filed April 11, 2006). On April 24, 2009, judgment was entered against McCoy. The Court found:

1

> In this case, the uncontroverted evidence before the Court establishes that the defendant police officers had been summoned to the scene because plaintiff was interfering with the work of the emergency medical technicians. The defendant police officers observed plaintiff's disruptive behavior. Moreover, plaintiff himself concedes that, although he was directed to stay out of the bedroom where the emergency medical technicians were attempting to evaluate and treat his uncle, he refused to do so. The uncontroverted evidence also establishes that the police officers' attempts to arrest and secure plaintiff were met with resistence on his part. There is no evidence that the force utilized by the officers in arresting and subduing plaintiff was excessive or unreasonable in light of these circumstances. Indeed, plaintiff acknowledges that he suffered no injury as a consequence of their actions. Under these circumstances, the evidence does not establish that plaintiff was subjected to excessive force during the course of his arrest.

April 24, 2009 Opinion & Order, doc. 102, p. 8. Plaintiff McCoy cannot now re-litigate that judgment. *Browning v. Levy*, 283 F.3d 761, 771-72 (6th Cir. 2002); *Begala v. PNC Bank, Ohio, Nat'l Ass'n*, 214 F.3d 776, 779 (6th Cir. 2000).

Plaintiff Charles McCoy's February 7, 2011 objections (doc. 10) are OVERRULED and his motion for leave to file a complaint (doc. 7) is DENIED.

Edmund A. Sargus
United States District Judge

2